IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 314-002 |
| | ) |
| MICHAEL DERRICK GOINS | ) |

**ORDER**

Before the Court are the various pre-trial discovery motions filed by the parties. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

### **GENERAL DISCOVERY MOTION**

As to Defendant's general discovery requests, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with investigative reports, Defendant's criminal history, audio and video recordings, and other documentary materials as set forth in the First Certificate of Disclosure. (Doc. no. 173; doc. no. 226, p. 1.) Accordingly, the Court finds that the position of the United States Attorney in permitting liberal disclosure of the government's

file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 22.)

## MOTIONS FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. nos. 21, 23.) To some extent, Defendant's requests exceed the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motions to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant requests an order directing the government to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial. Therefore, the Court **DENIES** this motion. (Doc. no. 24.) However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal

discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

The Court **GRANTS** this motion. (Doc. no. 25.) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven days prior to trial, a list of questions which they desire to ask prospective jurors.[1]

## MOTION FOR RECIPROCAL DISCOVERY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide liberal discovery and the unopposed nature of the request, the Court **GRANTS** this motion (doc. no. 225), and any information not yet furnished shall be provided to the government no later than fourteen days prior to trial.

SO ORDERED this 16th day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]As to the specific voir dire questions attached ot this motion, the method and manner of juror voir dire is committed to the sound discretion of the district court. United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997). This discretion extends "both to the decision whether or not to submit suggested questions to the jury, and to the decision whether to question prospective jurors collectively or individually." Id. (quoting United States v. Delval, 600 F.2d 1098, 1102 (5th Cir. 1979)). Thus, whether, and the exact manner in which, any such questions are presented to jurors will be decided by the presiding trial judge.

3