FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 MAY -5 PM 3:05
CLERK CAdams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 314-002-001 |
| | * | |
| MICHAEL DERRICK GOINS | * | |

O R D E R

In September of 2014, Defendant Michael Derrick Goins pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride, a violation of 21 U.S.C. § 846. The Court imposed a sentence of 151 months on May 21, 2015. Defendant did not appeal. Indeed, Defendant waived his right to appeal and to file any petition for collateral relief from his conviction and sentence. Nevertheless, Defendant is poised to file a collateral motion under 28 U.S.C. § 2255 in that he is now requesting that the Court compel his retained defense attorneys to turn over any case-related documents to him. (See Doc. No. 384.) More particularly, Defendant seeks a copy of the indictment, plea agreement, discovery material, and sentencing transcript. (See id.)

As an initial matter, the Court notes that it has discovered no authority, nor has Defendant provided any, authorizing a district court to compel an attorney to provide

his or her client with the case file under these circumstances, especially after final judgment in the case has been entered. However, in liberally construing Defendant's pro se motion, the Court interprets Defendant's motion as requesting these items directly from the court.

First, Defendant has not been determined to be indigent in this case. His trial counsel were retained, and he has not been granted authority to proceed in forma pauperis. Accordingly, he is not entitled to copies of anything without payment. Second, even if indigent, it is well established that an indigent defendant does not have an absolute constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding. Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); see also United States v. MacCollom, 426 U.S. 317 (1976). Rather, 28 U.S.C. § 753 provides that a defendant in a § 2255 proceeding may not receive a free transcript absent a showing that the transcripts or documents are necessary to the resolution of a nonfrivolous claim. Defendant does not have the right to a free transcript simply to search for possible error. Colbert

v. Beto, 439 F.2d 1130 (5th Cir. 1971).[1]

Here, Defendant does not have a pending collateral proceeding and thus, he cannot meet this standard. Moreover, Defendant provides no specific reason for obtaining the transcript or any other document.[2] Accordingly, his motion to receive a copy of these materials (doc. no. 384) is hereby **DENIED**. Out of courtesy, however, the Clerk is directed to provide a copy of the docket sheet and a copy of Defendant's plea agreement, which contains his waiver of collateral attack.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] The Court's criminal case file does not contain discovery documents and therefore could not be provided in any event.