IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL DERRICK GOINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-069 |
| | ) | (Formerly CR 314-002) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Michael Derrick Goins, an inmate at the Federal Correction Institution in Yazoo City, Mississippi, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The motion is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**.

**I.    BACKGROUND**

On May 7, 2014, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846, and six counts of use of a communication facility in committing, causing, and facilitating the conspiracy to possess with intent to distribute, and to distribute controlled substances in

violation of 21 U.S.C. § 846. United States v. Goins, CR 314-002, doc. no. 39 (S.D. Ga. May 7, 2014) (hereinafter "CR 314-002"). Represented by retained counsel J. Stanley Smith, Jr., and James C. Garner, Petitioner pled guilty to the one count of conspiracy to possess with intent to distribute and to distribute controlled substances on September 26, 2014. Id., doc. nos. 234, 235, 236. In exchange for Petitioner's guilty plea, the government agreed to not oppose a recommendation for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Id., doc. no. 236, p. 3. The government further agreed to not object to a two-level reduction in offense level from the Guidelines range and consider filing a "substantial assistance" motion for downward departure under U.S.S.G. § 5K1.1. Id., pp. 3-5.

Petitioner's plea agreement also included a broad appeal and collateral attack waiver that stated in relevant part:

> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal . . . . Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. §2255 motion.

Id. at 5.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-two, Criminal History Category at I, and Guideline imprisonment range at 121 to 151 months. PSI ¶ 73. On May 21, 2015, United States District Judge Dudley H. Bowen, Jr.,

sentenced Petitioner to 151 months imprisonment, and the judgment was entered on May 26, 2015. CR 314-002, doc. no. 345. Petitioner did not file a direct appeal, although he did file a motion to reduce sentence on January 11, 2016, which the Court denied on January 27, 2016. See id., doc. nos. 378, 380.

On April 19, 2016, Petitioner filed a motion for copies of his case files, which Judge Bowen denied on May 5, 2016. See id., doc. nos. 384, 385. Then, on May 9, 2016, Petitioner filed another motion asking the Court to provide him with the documents from his case necessary for him to file his § 2255 motion. Id., doc. no. 386. Petitioner additionally requested the Court to extend his time to file a § 2255 motion. Id. Judge Bowen denied as moot Petitioner's motion and noted the Court lacked the authority to grant Petitioner an extension. Id., doc. no. 388.

Petitioner raises four grounds for relief in his § 2255 motion, alleging ineffective assistance of counsel as well as abuse of discretion by Judge Bowen in "assuming" a quantity of drugs for sentencing and in failing to award him several offense level reductions under U.S.S.G. § 3E1.1. (Doc. no. 1, p. 6-13) Petitioner signed his petition on August 18, 2016, and the Clerk filed it August 23, 2016. (Id. at 1, 19.)

After filing the present motion, Petitioner also filed an appeal of the denial of his motion to reduce sentence and of the final judgment in his case. See id., doc. nos. 400, 402. On September 26, 2016, the Eleventh Circuit dismissed both these appeals for failure to pay filing and docketing fees or move to proceed *in forma pauperis*. Id., doc. no. 406.

Even if the Court were to assume, for the sake of argument, the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely.

### A. The Motion Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on May 26, 2015, and because Petitioner did not file a timely direct appeal, his conviction and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). That Petitioner filed a direct appeal of his conviction after filing his § 2255 motion does not save the motion from being untimely. See Hinds v.

4

United States, No. 12-0462-KD-M, 2012 WL 4856685, at *2 (S.D. Ala. Sept. 21, 2012), *report and recommendation adopted*, No. 12-0462-KD-M, 2012 WL 4856712 (S.D. Ala. Oct. 12, 2012) ("If filing a late appeal stopped the limitations clock from running, AEDPA would have no meaning as a criminal defendant could file an appeal at any time in an effort to stop the clock so that a § 2255 action would be considered to be timely filed."). Petitioner thus filed his § 2255 motion more than one-year after his conviction became final and the motion is untimely.

### B. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or a Fundamental Miscarriage of Justice Has Occurred.

An otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

5

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. __, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Although Petitioner contends he is eligible for equitable tolling, his conclusory claims that "[t]he motion shows Petitioner's due diligences since 2015 in trying to obtain the necessary records to file his motion" are not the extraordinary circumstances preventing him from timely filing his motion required to establish equitable tolling. (See doc. no. 1, p. 17.) Indeed, even without these records, Petitioner acknowledged his awareness of his claims and ability to file a § 2255 motion, albeit "blind," within the one year statute of limitations. CR 314-002, doc. no. 386. Further, Petitioner has not presented any evidence, much less new

6

evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, all of Petitioner's claims surround the sentencing phase of his conviction. (See id. at 6-15.) Therefore, Petitioner is not eligible for equitable tolling.

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of November, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA