IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 314-002 |
| | * | |
| MICHAEL DERRICK GOINS | * | |

## O R D E R

Defendant Michael Derrick Goins recently filed two motions in this criminal matter. First, in his "Request for Documents," Defendant complains that he never received any discovery[1] or any transcripts of proceedings in the case. This is the not the first time Defendant has sought documents. By Order of May 5, 2016, the Court explained the reasons that he is not entitled to court-provided documents. (See Order of May 5, 2016, Doc. No. 385.) For the reasons previously articulated, Defendant's "Request for Documents" (doc. no. 471) is hereby **DENIED**.

Defendant has also filed a "Motion to Clarify." Therein, he asks the Court to provide the "starting point for determining a guideline sentence of imprisonment" and "the actual drug amount." (Doc. No. 470.) Defendant states that he believes there has been some "misunderstanding" and that he did not receive credit for

---

[1] As explained to Defendant previously, the Court's criminal case file does not contain discovery documents and therefore could not be provided to him in any event.

acceptance of responsibility. He further raises an issue about his home address. Defendant appears to be sowing the seeds of an attack against the legality of his sentence, which must be done through a motion under 28 U.S.C. § 2255. The problem for Defendant is twofold. First, his plea agreement contains a broad appeal and collateral attack waiver. Second, he has already filed a § 2255 motion, which was dismissed as untimely on January 18, 2017. (Doc. No. 418.) Thus, in order for Defendant to bring another § 2255 motion, he would have to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3). In short, the Court owes Defendant no explanation unless he uses a proper procedural vehicle to challenge his conviction and sentence. For the reasons stated, there is no such vehicle available to him that would invoke this Court's jurisdiction or warrant consideration. Accordingly, Defendant's "Motion to Clarify" (doc. no. 470) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of October, 2018.

_/s/ Dudley H. Bowen, Jr._
UNITED STATES DISTRICT JUDGE