IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL DERRICK GOINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 319-031 |
| | ) | (Formerly CR 314-002) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration, and that this civil action be **CLOSED**.

**I.   BACKGROUND**

On May 7, 2014, the grand jury in the Southern District of Georgia charged Petitioner in a superseding indictment with one count of possession with intent to distribute cocaine, one count of conspiracy to possess with intent to distribute and to distribute controlled substances, and six counts of use of a communication facility in committing, causing, and facilitating the conspiracy to possess with intent to distribute, and to distribute controlled substances. United States v. Goins, CR 314-002, doc. no. 39 (S.D. Ga. May 7, 2014)

(hereinafter "CR 314-002").  Represented by retained counsel J. Stanley Smith, Jr., and James C. Garner, Petitioner pled guilty to the one count of conspiracy to possess with intent to distribute and to distribute controlled substances on September 25, 2014, pursuant to a negotiated plea agreement containing a broad appeal and collateral attack waiver provision. Id., doc. nos. 234-36.  In relevant part, the plea agreement stated Petitioner waived his right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, unless his sentence exceeded certain narrow parameters.  Id., doc. no. 236, p. 5.

On May 21, 2015, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 151 months imprisonment, and the judgment was entered on the docket May 26, 2015.  Id., doc. nos. 342, 345.  Petitioner did not immediately file a direct appeal but did file a motion to reduce sentence on January 11, 2016, which Judge Bowen denied.  See id., doc. nos. 378, 380.  On April 19, 2016, Petitioner filed a motion for copies of his case file, which Judge Bowen denied on May 5, 2016.  See id., doc. nos. 384, 385.  On May 9, 2016, Petitioner filed another motion asking the Court to provide him with case documents he said he required to file his § 2255 motion.  Id., doc. no. 386.  Petitioner additionally requested the Court to extend his time to file a § 2255 motion.  Id.  Judge Bowen denied as moot Petitioner's second motion for documents and noted the Court lacked the authority to grant Petitioner an extension to file his § 2255 motion.  Id., doc. no. 388.

The Clerk of Court received and filed Petitioner's first § 2255 motion on August 23, 2016, which alleged ineffective assistance of counsel, as well as abuse of discretion by Judge Bowen in "assuming" a quantity of drugs for sentencing and failing to award him several offense level reductions under U.S.S.G. § 3E1.1.  Id., doc. no. 399; CV 316-069, Goins v.

United States, doc. no. 1 (S.D. Ga. Aug. 23, 2016). In August 2016, Petitioner also filed an appeal of the January 2016 denial of his motion to reduce sentence, as well as an appeal of his May 2015 judgment. CR 314-002, doc. nos. 345, 378, 380, 400, 402. On September 26, 2016, the Eleventh Circuit dismissed both appeals for failure to pay filing and docketing fees or move to proceed *in forma pauperis*. Id., doc. no. 406. On January 18, 2017, Judge Bowen denied the § 2255 motion as untimely. Id., doc. no. 408, 418. The Eleventh Circuit dismissed Petitioner's appeal. Id., doc. no. 445.

While the recommendation for dismissal of the § 2255 motion was under consideration by Judge Bowen, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 in a different Division of this Court. See Goins v. Flournoy, CV 216-069 (S.D. Ga. Dec. 22, 2016). In that case, Petitioner alleged his sentence was illegally enhanced, he received ineffective assistance of counsel which invalidates his guilty plea, denial of due process, a fundamental miscarriage of justice, actual innocence of the crime to which he pled guilty, and lack of jurisdiction by the Court over the underlying criminal prosecution. Id., doc. nos. 1, 11. United States District Judge Lisa Godbey Wood granted the government's motion to dismiss that petition. Id., doc. no. 12. Petitioner did not appeal.

Petitioner filed two more motions to reduce his sentence in December 2016. Id., doc. nos. 414, 415. Judge Bowen denied both motions. Id., doc. no. 417. Petitioner filed a motion for reconsideration of Judge Bowen's order denying those motions to reduce sentence, as well as a motion to reconsider the denial of his first § 2255 motion as untimely, both of which were also denied. Id., doc. nos. 420-22, 428. Petitioner appealed the denial of the motions for reconsideration and filed another motion to reduce his sentence. Id., doc. nos. 431, 436. Petitioner's multiple appeals were dismissed as duplicative or for failure to

prosecute.  Id., doc. nos. 443, 447, 456-57.  Petitioner then filed a motion to "correct" his PSI, for "clarification" of the calculation of his sentence, and to obtain documents from his underlying criminal case, all of which Judge Bowen denied.  Id., doc. nos. 465, 467, 470-72.  In his October 3, 2018 Order, Judge Bowen explained:

> . . . Defendant appears to be sowing the seeds of an attack against the legality of his sentence, which must be done through a motion under 28 U.S.C. § 2255. The problem for Defendant is twofold.  First, his plea agreement contains a broad appeal and collateral attack waiver. Second, he has already filed a § 2255 motion, which was dismissed as untimely on January 18, 2017.  (Doc. No. 418.)  Thus, in order for Defendant to bring another § 2255 motion, he would have to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion.  See 28 U.S.C. §§ 2255, 2244(b)(3).

Id., doc. no. 472.

Undeterred, Petitioner signed the current § 2255 motion on April 11, 2019, and the Clerk of Court received and filed it on April 15, 2019.  (Doc. no. 1.)  Petitioner asserts the wiretaps used during the investigation of the crimes for which he was indicted in 2014 are now invalid under Dahda v. United States, - U.S. -, 138 S. Ct. 1491 (U.S. 2018).  (Id. at 14-17.)  He also claims his retained counsel failed to file a notice of appeal as instructed.  (Id. at 7.)  Petitioner does not acknowledge the collateral attack waiver in his plea agreement with respect to his wiretap arguments and contends his numerically second § 2255 motion is not "successive" within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because the United States Supreme Court did not decide Dahda until May of 2018.  Petitioner further argues his lost appeal claim is not barred by the collateral attack waiver in his plea agreement, as Garza v. Idaho, 139 S. Ct. 738, 746-47 (U.S. 2019), ruled prejudice is presumed, regardless of a signed appeal waiver, if counsel fails to file a notice of direct appeal as instructed.  He does not report seeking permission from the Eleventh Circuit

4

Court of Appeals to file his numerically second § 2255 motion as to any of his current claims.

## II.     DISCUSSION

The § 2255 motion presently cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small

5

subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). Indeed, AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222); see also Amodeo v. United States, 743 F. App'x 381, 384 (11th Cir. 2018) (*per curiam*) (applying Stewart).

Here, Petitioner has previously filed a § 2255 motion that was denied as untimely. See CV 316-069, doc. nos. 3, 9.[1] As the background, *supra*, makes clear, Petitioner has repeatedly but unsuccessfully attempted to attack the validity of his conviction and sentence under various guises to avoid AEDPA's gatekeeping restrictions. However, no intervening *factual* defect has come into existence and caused Petitioner's claims to ripen in the time

---

[1] A court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

between Petitioner's first motion and the instant motion.  See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014).  To the contrary, Petitioner asserts he is basing his wiretap claims on a *legal* argument which only became available when the Supreme Court decided Dahda, *supra*, in 2018.  Even if Dahda had announced a new rule of constitutional law and been made retroactive by the Supreme Court to cases on collateral review, see § 2255(h)(2), Petitioner's current § 2255 motion is properly classified as "second or successive" in the sense contemplated by § 2255 and requires authorization by the Eleventh Circuit.

Petitioner does not make any argument that his lost appeal claim is not second or successive.  Rather, he simply claims the argument is not barred by his collateral attack waiver under Garza, *supra*, and is otherwise not untimely.  Petitioner argues his lost appeal claim is timely even though he filed a notice of appeal of his judgment in August 2016, and thus clearly knew at that time his counsel had not done so.  CR 314-002, doc. no. 402.  Moreover, his motion to be appointed counsel, filed with his notice of appeal, to replace his retained counsel about which he now complains was *granted* contingent on Petitioner paying the appellate filing fees, but *Petitioner's* failure to pay the filing fee resulted in dismissal of the appeal in 2017.  United States v. Goins, No. 16-15870, *slip ops.* (11th Cir. July 13, 2017; Aug. 14, 2017).  It cannot be said Petitioner's lost appeal claim was newly discovered.  Regardless of any issues regarding timeliness of the lost appeal claim, as discussed herein, the Court cannot consider any part of Petitioner's current § 2255 motion.

Petitioner is attempting to mount a second challenge to his original criminal proceedings.  The intervening change identified by Petitioner is a change external to his case, *i.e.*, a change to the validity of certain types of wiretaps and the exclusion of lost appeal claims from a collateral attack waiver, both of which he believes should be retroactively applied to him.  Under the Eleventh Circuit case law set forth above, his motion is "second or

7

successive," and he must obtain authorization from the Court of Appeals to file it. Because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's current motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

### III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of May, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA